### NACK v. MICHAELISKI et al.

(Supreme Court, Appellate Term. May 9, 1912.)

MUNICIPAL CORPORATIONS (§ 706*)—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

　　In an action for injuries occasioned to one who, upon jumping from a moving street car, was injured by defendant's horse, which was being driven alongside the car, evidence *held* to establish a clear case of contributory negligence.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles A. Nack against Samuel Michaeliski and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

James, Schell & Elkus, of New York City (Samuel Greason, Jr., of New York City, of counsel), for appellants.

Samuel Manheimer, of New York City (Henry Lieb, of New York City, of counsel), for respondent.

GUY, J. The plaintiff herein sues for damages incurred by being knocked down and trampled upon by defendants' horse. Plaintiff was a passenger in a west-bound Madison Street horse car, riding on the front platform. He stepped off the car while it was in motion, 30 or 50 feet from the corner of Madison and Market streets. Plaintiff got off the car facing in front, or to the west, and was struck in the back and arm, and kicked and trampled upon, by defendants' horse, which had been for some blocks behind the car, but which, for some time before the accident, had been driven alongside of and in the same direction with the car; the horse's head being about even with the center of the car.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff testified that he looked back before stepping off the car, and there was nothing in sight, and when he stepped off he did not look all the way behind. "I looked enough to see that it was clear." Plaintiff's witness O'Neill saw him start to get off the front platform onto the step, but did not see him look back, though the witness was talking to plaintiff all the time. The conductor of the car, a witness for the defendants, testified that he saw the plaintiff jump off the car while it was going fast, when the wagon, which also was going fast, was driven alongside the car, and "it turned him over."

The defendants' driver testified that he was trotting alongside the car and going in the same direction; that the horse's head was about the center of the car, alongside and keeping pace with the car; that plaintiff sprung off the car, without looking back at all, his back toward the horse; and that, as soon as he saw the plaintiff jump off, he made as short a stop as he could and shouted to plaintiff. Defendants' witness Stark, who was on the wagon on the side of the seat nearest the car, testified that plaintiff stood on the footboard of the car, talking to the witness O'Neill, and that plaintiff never turned around or looked back.

Plaintiff has not only failed to prove want of contributory negligence but on the entire evidence a clear case of contributory negligence is established.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.